<table>
<tr><td><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

United States Bankruptcy Court for the <u>District of Delaware</u>

Case number (*if known*): _____ Chapter <u>11</u>

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Western Global Airlines, Inc. |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | Western Global Airlines LLC <br> Western Global Airlines |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 30-0769265 |

**4.** **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 9260   Estero Park Commons Blvd. <br> <sub>Number     Street</sub> | <sub>Number               Street</sub> |
| Suite 200 | <sub>P.O. Box</sub> |
| Estero     Florida     33928 <br> <sub>City       State       ZIP Code</sub> | <sub>City          State      ZIP Code</sub> |
| | **Location of principal assets, if different from principal place of business** |
| Lee <br> <sub>County</sub> | <sub>Number        Street</sub> |
| | <sub>City          State      ZIP Code</sub> |

| | | |
|---|---|---|
| **5.** | **Debtor's website** (URL) | https://www.westernglobalairlines.com |

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

| Debtor | Western Global Airlines, Inc. | Case number (if known) | 23-_____ ( ) |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax- exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

4812 - Nonscheduled Air Transportation

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first subbox. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11**. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes

| | District _____ | When _____ | Case number _____ |
|---|---|---|---|
| | | MM/ DD/ YYYY | |
| | District _____ | When _____ | Case number _____ |
| | | MM / DD/ YYYY | |

Debtor    Western Global Airlines, Inc.                                    Case number (if known)    23-_____ (  )
          Name

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes   Debtor     See Schedule 1          Relationship   See Schedule 1

         District   Delaware               When           August 7, 2023
                                                           MM / DD / YYYY

         Case number, if known   _____

---

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?**  (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?  _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other   _____

**Where is the property?**   _____
                              Number          Street

_____
City                    State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency   _____

           Contact Name   _____

           Phone          _____

---

**Statistical and administrative information**

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

☐ 1-49                ☒ 1,000-5,000          ☐ 25,001-50,000
☐ 50-99               ☐ 5,001-10,000         ☐ 50,001-100,000
☐ 100-199             ☐ 10,001-25,000        ☐ More than 100,000
☐ 200-999

---

Debtor    Western Global Airlines, Inc.        Case number (if known)   23-_____ ( )
Name

| 15. Estimated assets (on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities (on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## ▮ Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ▪ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- ▪ I have been authorized to file this petition on behalf of the debtor.

- ▪ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   August 7, 2023
           MM / DD/ YYYY

✗   /s/ James K. Neff            James K. Neff
Signature of authorized representative of debtor     Printed name

Chief Executive Officer
Title

**18. Signature of attorney**

✗   /s/ Zachary I. Shapiro      Date   August 7, 2023
Signature of attorney for debtor          MM / DD / YYYY

Zachary I. Shapiro           Gary T. Holtzer
Printed Name

Richards, Layton & Finger, P.A.      Weil, Gotshal & Manges LLP
Firm Name

One Rodney Square, 920 North King Street    767 Fifth Avenue
Address

Wilmington, Delaware 19801      New York, New York 10153
City/State/Zip

(302) 651-7700          (212) 310-8000
Contact Phone

shapiro@rlf.com          gary.holtzer@weil.com
Email Address

5103          Delaware
Bar Number       State

**Schedule 1**

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

   On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").  A motion will be filed with the Court requesting that the chapter 11 case of each entity listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Western Global Airlines, Inc.

| COMPANY |
| --- |
| Western Global Airlines, Inc. |
| Keldann Air LLC |
| Jimsunn Air LLC |
| B26344 LLC |
| B26356 LLC |
| M48411 LLC |
| M48412 LLC |
| M48415 LLC |
| M48435 LLC |
| M48512 LLC |
| M48513 LLC |
| M48542 LLC |
| M48543 LLC |
| M48544 LLC |
| M48545 LLC |
| M48546 LLC |
| M48581 LLC |
| Mobility Air, LLC |
| NCF680C2 LLC |

**ACTION BY WRITTEN CONSENT OF THE GOVERNING BODIES OF
WESTERN GLOBAL AIRLINES, INC., KELDANN AIR LLC, JIMSUNN AIR LLC,
B26344 LLC, B26356 LLC, M48411 LLC, M48412 LLC, M48415 LLC, M48435 LLC,
M48512 LLC, M48513 LLC, M48542 LLC, M48543 LLC, M48544 LLC, M48545 LLC,
M48546 LLC, M48581 LLC, MOBILITY AIR, LLC, NCF680C2 LLC**

August 7, 2023

**WHEREAS**, the undersigned (as applicable, the "**Governing Body**"), of each of the entities referenced above (each, a "**Company**" and collectively, the "**Companies**"), do hereby consent to, adopt, and approve, by written consent in accordance with the applicable provisions of the Delaware General Corporation Law, the Delaware Limited Liability Company Act, and the Florida Revised Limited Liability Company Act, the following resolutions and each and every action effected thereby;

**WHEREAS**, the Governing Body of each Company has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of such Company regarding the liabilities and liquidity of such Company, the restructuring alternatives available to it, and the impact of the foregoing on such Company's business;

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company to fully consider, and has considered, each of the strategic alternatives available to such Company;

**WHEREAS**, the independent director, Hooman Yazhari, with the assistance of the Companies' advisors, has been involved in the review, evaluation, and negotiations with key stakeholders regarding the transactions contemplated under the Restructuring Support Agreement (defined below) and the DIP Financing Agreements (defined below);

**WHEREAS**, Mr. Yazhari recommends the Companies enter into the Restructuring Support Agreement and the DIP Financing Agreements and implement the proposed restructuring; and

**WHEREAS**, each Governing Body desires to approve the following resolutions.

**I.    Commencement of Chapter 11 Case**

**NOW, THEREFORE, BE IT RESOLVED**, that, with respect to each Company, its Governing Body has determined, after consultation with the management and the legal and financial advisors of such Company, that it is desirable and in the best interests of such Company, its creditors, and other parties in interest that a petition be filed by such Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that any officer or other authorized person of any respective Company, or each such officer's delegates (each, an "**Authorized Person**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, with full power of delegation, and directed to negotiate, execute, deliver, and file, in the name and on behalf of such Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, and other documents (the "**Chapter 11 Filings**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") (with such changes therein and additions thereto as any such Authorized Officer may deem necessary, advisable, desirable, or appropriate, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

**RESOLVED**, that each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to take and perform any and all further acts and deeds which such Authorized Person deems necessary, advisable, desirable, or appropriate in connection with such Company's chapter 11 case (each, a "**Chapter 11 Case**" and collectively, the "**Chapter 11 Cases**") or Chapter 11 Filings, including, without limitation, (i) the payment of fees, expenses, and taxes such Authorized Person deems necessary, advisable, desirable, or appropriate, and (ii) negotiating, executing, delivering, performing, and filing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with the Chapter 11 Case, with a view to the successful prosecution of such Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

## II.   Retention of Advisors

**RESOLVED**, that, in connection with each Company's Chapter 11 Case, each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals which such Authorized Person deems necessary, advisable, desirable, or appropriate in connection with, or in furtherance of, such Company's Chapter 11 Case, with a view to the successful prosecution of such Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as attorneys for the Companies in their Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Richards, Layton & Finger, P.A., located at One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, is hereby retained as local counsel for the Companies in their Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

2

RESOLVED, that the firm of Evercore Group L.L.C., located at 55 East 52nd Street, New York, New York 10055, is hereby retained as investment banker for the Companies in their Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of FTI Consulting, Inc., located at 1166 6th Ave, 14th Floor, New York, New York 10036, is hereby retained to provide interim management and financial advisory services to the Companies in their Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

RESOLVED, that Stretto, Inc., located at 410 Exchange, Ste. 100 Irvine, California 92602, is hereby retained as claims, noticing, and solicitation agent for the Companies in their Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

RESOLVED, that, with respect to each Company, each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to take and perform any and all further acts and deeds, including, without limitation, (i) the payment of any consideration, (ii) the payment of fees, expenses, and taxes such Authorized Person deems necessary, advisable, desirable, or appropriate, and (iii) negotiating, executing, delivering, and performing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by the foregoing resolutions (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

## III.   Restructuring Support Agreement

RESOLVED, that in connection with the Chapter 11 Cases, it is in the best interests of the Companies to enter into a Restructuring Support Agreement (the "**Restructuring Support Agreement**") on terms and conditions substantially similar to those set forth in the form of the Restructuring Support Agreement previously provided to the Governing Bodies; and be it further

RESOLVED, that the form, terms, and provisions of the Restructuring Support Agreement, and all the exhibits annexed thereto and the execution, delivery, and performance thereof and the consummation of the transactions contemplated thereunder by the Companies are hereby authorized, approved, and declared advisable and in the best interests of the Companies, with such changes therein and additions thereto as any Authorized Person, who may act without the joinder of any other Authorized Person, executing the same may in such Authorized Person's discretion deem necessary or appropriate, it being acknowledged that the execution of the Restructuring Support Agreement and such other documents, agreements, instruments, and certificates as may be required or contemplated by the Restructuring Support Agreement, as applicable, shall be conclusive evidence of the approval thereof; and be it further

RESOLVED, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Companies, to cause the Companies to enter into, execute, deliver, certify, file and/or record, and perform the obligations arising under, the Restructuring Support Agreement, substantially in the forms previously presented to the Governing Bodies, together with such other documents, agreements,

instruments, and certificates as may be required by the Restructuring Support Agreement; and be it further

RESOLVED, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Restructuring Support Agreement and/or any related documents which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable.

## IV.   Debtor-in-Possession Financing and Cash Collateral

WHEREAS, the Companies propose to enter into a secured super-priority priming debtor-in-possession financing transaction (such transaction, the "DIP Financing") as of or about the commencement of the Chapter 11 Cases to be evidenced by a binding term sheet, promissory note and/or credit agreement (as may be amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "DIP Financing Agreements"), on terms and conditions substantially consistent with those presented to the Governing Bodies and subject to approval of the Bankruptcy Court;

WHEREAS, the Companies desire to guaranty the payment and performance of the obligations (other than each such Company's own primary obligations) under the DIP Financing Agreements and the other Additional DIP Financing Documents (as defined below) and grant security interests in and liens upon substantially all of their assets as collateral for the obligations under the DIP Financing Agreements and the other Additional DIP Financing Documents; and

WHEREAS, it is hereby deemed that the DIP Financing Agreements and the Additional DIP Financing Documents and, to the extent any Company is a party thereto, the execution and delivery thereof, the performance of such Company's obligations thereunder and the transactions contemplated thereby, are advisable and in the best interests of the Companies.

NOW, THEREFORE, BE IT RESOLVED, that (a) the form, terms, and conditions of, the DIP Financing Agreements, together with any amendments, modifications, alterations, or changes thereto as may be approved by any Authorized Person, (b) the execution, delivery, and performance by the Companies, to the extent they are party thereto, of the DIP Financing Agreements and the Additional DIP Financing Documents, and the consummation of the transactions contemplated thereunder, including the borrowing (and repayment) of any loans or funds or any other extension of credit under the DIP Financing Agreements and any Additional DIP Financing Document, the guaranty of any obligations under the DIP Financing Agreements and any Additional DIP Financing Document, and the use of proceeds to provide liquidity for the Companies throughout the Chapter 11 Cases, (c) the grant of security interests in all or any portion of any Company's assets to secure any obligations under the DIP Financing Agreements and any Additional DIP Financing Documents (d) if applicable, the repayment, termination, or other treatment of existing third-party debt of the Companies and any other existing indebtedness pursuant to the terms of the DIP Financing Agreements and/or any Additional DIP Financing Document, and (e) the execution, delivery, and performance by the Companies, to the extent they are party thereto, of all agreements, security, guarantee or collateral documents, mortgages,

financing statements, documents, promissory notes, instruments, notices, certificates, stock powers, payoff letters, fee letters, engagement letters, and all other related documents, including exhibits and schedules to or necessary, advisable, desirable, or appropriate (in the determination of any Authorized Person) to be executed and delivered by any Company in connection with the DIP Financing Agreements, in each case, in such form and substance as may be approved by any Authorized Person (each an "**Additional DIP Financing Document**" and collectively, the "**Additional DIP Financing Documents**"), are hereby in all respects authorized and approved, and that each Authorized Person, any one of whom may act without the joinder of any of the others, be, and they hereby are, authorized, empowered, and directed to do and perform, or cause to be done and performed all such acts and things and to sign and deliver or cause to be signed and delivered, all such documents, agreements, certificates, and other instruments, and to take all such other actions as are necessary, advisable, desirable, or appropriate in order to effectuate the purpose and intent of the foregoing resolutions; and be it further

**RESOLVED**, that the granting by each Company of liens on and security interests in any or all of its assets to secure any obligations under the DIP Financing Agreements and any Additional DIP Financing Documents and the filing and recording of any UCC financing statements, fixture filings, intellectual property filings, or any other documents and the taking of any other actions necessary, advisable, desirable, or appropriate to perfect such security interests, are hereby authorized and approved, and each Authorized Person is authorized on behalf of each applicable Company to execute and deliver any such other perfection documents or instruments, including, without limitation, continuation statements, and pay such fees, taxes, and expenses, as necessary; and be it further

**RESOLVED**, that the pledge by each Company of any equity interest held by it, the transfer of such equity interest to the administrative agent or collateral agent for the DIP Financing (the "**DIP Agent**") or any nominee thereof and any transfer from time to time by the DIP Agent or its nominee to any other person pursuant to the exercise of any rights under the DIP Financing Agreements and all steps required of such Company to give effect to such pledge and transfers, including the issuance of certificates of ownership and the entering of the names of any transferees onto the subsidiaries' equity holder registers, are hereby approved; and that each Authorized Person is hereby authorized, empowered, and directed on behalf of such Company, to execute and deliver any such other transfer documents or instruments; and be it further

**RESOLVED**, that each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of each applicable Company, to take all actions (including, without limitation, (a) the negotiation, execution, delivery, and filing of any agreements, letters, certificates, or other instruments or documents, including the filing of UCC financing statements, fixture filings, intellectual property filings or mortgage, (b) any increase in the principal amount of any obligation, (c) the modification or amendment of any of the terms and conditions of the DIP Financing Agreements and/or any Additional DIP Financing Document to the extent such Company is a party, (d) the payment of any consideration, and (e) the payment of expenses, fees, and taxes) as any such Authorized Person may deem necessary, advisable, desirable, or appropriate (such acts to be conclusive evidence that such Authorized Person, in his or her sole discretion, deemed the same to be necessary, advisable, desirable, or appropriate) in order to effect the transactions contemplated under the DIP Financing Agreements or any Additional DIP Financing Document to the extent such Company is a party,

and all acts of any such Authorized Person taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified, and confirmed in all respects as the acts and deeds of such Company; and be it further

**RESOLVED**, that the execution, delivery, and performance of each of the documents described in the foregoing resolutions is necessary or convenient to the conduct, promotion, or attainment of the business and purposes of the Companies; and be it further

**RESOLVED**, that, to the extent applicable, the Authorized Persons may seek Bankruptcy Court approval, for the use of the cash collateral of DKB Partners LLC under that certain Credit Agreement, dated as of September 14, 2020, by and among Western Global Airlines, Inc. (f/k/a Western Global Airlines LLC), as Borrower, Western Global Airlines Holdings, Inc., the other Guarantors party thereto, the Lenders party thereto, and DKB Partners LLC, as Administrative Agent for the Lenders (as amended, restated, amended and restated, supplemented, modified, or otherwise in effect from time to time); and be it further

## V.   General

**RESOLVED**, that, with respect to each Company, each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to take and perform any and all further acts or deeds, including, but not limited to, (i) the negotiation of such additional agreements, amendments, modifications, supplements, renewals, replacements, consolidations, substitutions, extensions, reports, documents, instruments, applications, notes, or certificates not now known but which may be required, (ii) the execution, delivery, and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, taxes, and other expenses as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, advisable, desirable, or appropriate in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings, and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to be so necessary, advisable, desirable, or appropriate; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Person, any director, or any member of any Company, in the name and on behalf of such Company, or for the benefit of, such Company or in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

*[Remainder of page intentionally left blank]*

DocuSign Envelope ID: 87DFAE4B-AF8A-40CE-BEF6-D9B9F0AG3874

**IN WITNESS WHEREOF**, the undersigned, being the members of the board of directors of Western Global Airlines, Inc., have executed this consent as of the date first written above.

By: _____
Name: James K. Neff


By: _____
Name: Carmit P. Neff


By: _____
Name: Hooman Yazhari

[SIGNATURE PAGE TO WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF WESTERN GLOBAL AIRLINES, INC. AUTHORIZING COMMENCEMENT OF CHAPTER 11]

**IN WITNESS WHEREOF**, the undersigned, being the members of the board of directors of Western Global Airlines, Inc., have executed this consent as of the date first written above.

By: _____
    Name: James K. Neff

By:  *Sunny Neff*
    Name: Carmit P. Neff

By: _____
    Name: Hooman Yazhari

**IN WITNESS WHEREOF**, the undersigned, being the members of the board of directors of Western Global Airlines, Inc., have executed this consent as of the date first written above.

By: _____
     Name: James K. Neff


By: _____
     Name: Carmit P. Neff


By: _____
     *Hooman Yazhari*
     Name: Hooman Yazhari

[SIGNATURE PAGE TO WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF WESTERN GLOBAL AIRLINES, INC. AUTHORIZING COMMENCEMENT OF CHAPTER 11]

**Fill in this information to identify the case:**

Debtor name: <u>Western Global Airlines, Inc.</u>

United States Bankruptcy Court for the <u>District of Delaware</u>
<div align="right">(State)</div>

Case number (*If known*):   23-_____ ( )

☐ Check if this is an
  amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                                    12/15

A list of consolidated creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. Bank National Association Attn.: Rick Prokosch CM-9690 P.O. Box 70870 St. Paul, Minnesota 55170-9690 | Attn.: Rick Prokosch Phone: (651) 466-6619 Email: rick.prokosch@usbank.com | Unsecured Notes | | | | $419,136,111.11 |
| 2 | Lufthansa Technik Attn.: Constantin Meyer P.O. Box 7247 - 0005739 Philadelphia, Pennsylvania 19170-0005739 | Attn.: Constantin Meyer Phone: + 40-5070-2982 Email: constantin.meyer@lht.dlh.de | Trade Debt | Disputed | | | $10,448,248.85 |
| 3 | GE Engine Services Distribution, LLC Attn.: Manjula Rajesh P.O. Box 640950 Pittsburgh, Pennsylvania 15264-0950 | Attn.: Manjula Rajesh Email: manjula.rajesh@ge.com | Trade Debt | | | | $7,448,165.84 |
| 4 | Trans-Caribbean Cargo Corp.[1] Attn.: Geoffrey L. Travis 1951 Northwest 68th Avenue Building 706, Suite 228 Miami, Florida 33126 | Attn.: Geoffrey L. Travis Phone: (305) 379-9188 Email: gtravis@shutts.com | Litigation | | | | $6,742,548.24 |
| 5 | Delta Airlines Attn.: Michael Smith P.O. Box 101153 Atlanta, Georgia 30392-1153 | Attn.: Michael Smith Phone: (404) 714-0270 Email: michael.smith@delta.com | Trade Debt | | | | $4,973,237.93 |
| 6 | Evergreen Aviation Technologies Attn.: Tina Lin 6 Harng-Jann S. Road Taoyuan, Taiwan 33758 | Attn.: Tina Lin Phone: + 866-3-351-9376 Email: tinalin@egat.com.tw | Trade Debt | | | | $4,500,451.74 |

---

[1]   To the Debtors' knowledge, Trans-Caribbean Cargo Corp. ("TCC") may have recorded judgment liens against Western Global Airlines, Inc. and filed liens against certain of its property, including aircraft.  The Debtors believe these liens, to the extent determined to be valid, enforceable and not avoidable, are junior in priority to liens held by the Debtors' secured lender and, therefore, have identified TCC as the holder of an unsecured claim herein.

| Debtor | Western Global Airlines, Inc. | Case number (if known) | 23-_____ ( ) |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | STS Aviation Services Attn.: Ryan McComas 2910 SW 42nd Avenue Palm City, Florida 34990 | Attn.: Ryan McComas Phone: (888) 777-2960 Email: ryan.mccomas@sts-cs.com | Trade Debt | | | | $3,364,378.83 |
| 8 | Commercial Aircraft Consulting, LLC Attn.: Brian Cooper 372 South Eagle Road, Suite 384 Eagle, Indiana 83166 | Attn.: Brian Cooper Email: brian@cacaero.com | Litigation | Disputed | | | $3,000,000.00 |
| 9 | Defense Finance & Accounting Service Attn.: Haley R. May 8899 East 56th Street Indianapolis, Indiana 46249-3300 | Attn.: Haley R. May Phone: (614) 701-3539 Email: dfas.dscc.jaa.mbx.dla-o2c@mail.mil | Trade Debt | | | | $2,073,357.12 |
| 10 | ATOPS Express / Aerotech Ops Attn.: Edwin Caiaffa 10733 Northwest 123rd Street Medley, Florida 33178 | Attn.: Edwin Caiaffa Phone: (305) 456-4033 Email: edwin@atops.aero | Trade Debt | | | | $1,449,777.11 |
| 11 | TA Connections Attn.: Hector Munoz 6100 Blue Lagoon Drive, Suite 310 Miami, Florida 33126 | Attn.: Hector Munoz Phone: (786) 597-3100 Email: info@taconnections.com | Trade Debt | | | | $1,204,563.49 |
| 12 | Unical Aviation Inc. Attn.: Andy Fowles P.O. Box 31001-0964 Pasadena, California 91110-0964 | Attn.: Andy Fowles Email: afowles@unical.com | Trade Debt | | | | $668,773.50 |
| 13 | Pioneer Logistics Attn.: Rita Tian 1F No.1 Ling Hang Road Pudong International Airport Shanghai China 201202 | Attn.: Rita Tian Phone: + 86-136-5119-7437 Email: rita.tian@caacpl.com | Customer Deposit | | | | $575,873.86 |
| 14 | Flight Power Repair Group Attn.: Frank Galego P.O. Box 667627 Miami, Florida 33166-9403 | Attn.: Frank Galego Phone: (305) 640-9965 Email: frank@flightpower.net | Trade Debt | | | | $559,667.00 |
| 15 | Distribution by Air Attn.: Crystal Lowenthal 405 114th Avenue, SE, 3rd Floor Bellevue, Washington 98057 | Attn.: Crystal Lowenthal Phone: (404) 305-1621 Email: wga@dbaco.com | Trade Debt | | | | $556,070.94 |
| 16 | TAP Portugal Attn.: Richard Paegel 4500 NW 36th Street Miami, Florida 33166 | Attn.: Richard Paegel Email: rpaegel@amerijet.com | Customer Contract | | | | $528,140.49 |

| Debtor | Western Global Airlines, Inc. | Case number (if known) | 23-_____ ( ) |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17 | TurbineAero Repair<br>Attn.: Iryna Andreyeva<br>P.O. Box 641458<br>Pittsburgh, Pennsylvania 15264-1458 | Attn.: Iryna Andreyeva<br>Phone: (480) 824-2714<br>Email: iryna.andreyeva@turbineaero.com | Trade Debt | | | | $471,960.82 |
| 18 | Alpha-Tech Aviation Services, Inc.<br>Attn.: Juan Sanchez<br>4233 United Parkway<br>Schiller Park, Illinois 60176 | Attn.: Juan Sanchez<br>Phone: (847) 233-9180<br>Email: jsanchez@alphatechaviation.com | Trade Debt | | | | $402,942.26 |
| 19 | Eurocontrol<br>Attn.: Edoardo Romano<br>Rue de la Fusée 96<br>Brussels, Belgium 1130 | Attn.: Edoardo Romano<br>Email: edoardo.romano@eurocontrol.int | Trade Debt | | | | $388,592.91 |
| 20 | Davis Polk Wardwell LLP<br>Attn.: John Amorosi<br>450 Lexington Avenue<br>New York, New York 10017 | Attn.: John Amorosi<br>Phone: (212) 450-5700<br>Email: john.amorosi@davispolk.com | Professional Services | Disputed | | | $347,105.63 |
| 21 | Shreveport Airport Authority<br>Attn: Thomas De'Lontrell<br>5130 Hollywood Avenue, Suite 300<br>Shreveport, Louisiana 71109 | Attn: Thomas De'Lontrell<br>Phone: (318) 673-5370<br>Email: delontrell.thomas@shreveportla.gov | Trade Debt | | | | $292,573.25 |
| 22 | AMP Aero Services<br>Attn.: Alvaro Pereira<br>11900 SW 128th Street, Suite 100<br>Miami, Florida 33186 | Attn.: Alvaro Pereira<br>Phone: (833) 267-2376<br>Email: sales@amp-aero.com | Trade Debt | | | | $292,430.00 |
| 23 | Chevron Corp.<br>Attn: Marcela Cendoya<br>Cecilia Grierson 355<br>Buenos Aires, Argentina | Attn: Marcela Cendoya<br>Phone: + 54-11-4338-1800 (int. 1963)<br>Email: bacraviation@chevron.com | Trade Debt | | | | $292,101.13 |
| 24 | Component Overhaul Services Corp.<br>Attn.: Mercy Medina<br>5603 NW 159th Street<br>Miami Gardens, Florida 33014 | Attn.: Mercy Medina<br>Phone: (305) 406-3885<br>Email: mercy@componentoh.com | Trade Debt | | | | $289,350.00 |
| 25 | Honeywell International Inc.<br>Attn: Kevin DeLeon<br>21111 N 19th Avenue<br>Phoenix, Arizona 85027 | Attn: Kevin DeLeon<br>Phone: (862) 225-5428<br>Email: kevinleonardo.deleon@honeywell.com | Trade Debt | | | | $287,127.84 |
| 26 | RPM Aircraft LLC<br>Attn.: Jonathan Marinez<br>6201 W. Imperial Highway, 2nd Floor<br>Los Angeles, California 90045 | Attn.: Jonathan Marinez<br>Phone: (310) 946-1718<br>Email: jmarinez@rmppa.org | Trade Debt | | | | $283,268.51 |
| 27 | United Rentals<br>Attn: Maryana Howash<br>9760 Old Seward Highway<br>Anchorage, Alaska 99515-2137 | Attn: Maryana Howash<br>Phone: (907) 349-4425<br>Email: mhowash@ur.com | Trade Debt | | | | $238,782.81 |

| Debtor | Western Global Airlines, Inc. | Case number (if known) | 23-_____ ( ) |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28 Boeing Commercial Airplane Group Attn.: Lyla Smith P.O. Box 277851 Atlanta, Georgia 30384-7851 | Attn.: Lyla Smith Phone: (425) 306-0447 email: lyla.f.smith@boeing.com | Trade Debt | | | | $212,692.55 |
| 29 City of Chicago Attn.: Jason Mis 121 N LaSalle Street, Room 700 Chicago, Illinois 60602 | Attn.: Jason Mis Phone: (312) 744-4484 email: Jason.Mis@CityofChicago.org | Trade Debt | | | | $191,082.94 |
| 30 Aero Accessories & Repair Attn.: Carlos Diaz 15501 SW 29th Street, Suite 201 Miramar, Florida 33027 | Attn.: Carlos Diaz Phone: (954) 266-1300 email: cdiaz@aeroaccessories.us | Trade Debt | | | | $162,167.00 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
--------------------------------------------------------- x
                                          :
In re                                     :    Chapter 11
                                          :
WESTERN GLOBAL AIRLINES, INC.,            :    Case No. 23– _____ (    )
                                          :
                    Debtor.               :
                                          :
--------------------------------------------------------- x
```

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
<u>**PURSUANT TO FED. R. BANKR. P. 1007 AND 7007.1**</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), attached hereto as <u>**Exhibit A**</u> is an organizational chart reflecting certain of the ownership interests in Western Global Airlines, Inc. and its debtor subsidiaries, as debtors and debtors in possession in the above captioned chapter 11 cases (each, a "**Debtor**" and collectively, the "**Debtors**"). The Debtors hereby file this corporate ownership statement, and represent as follows:

1. Western Global Airlines Holdings, Inc., a non-Debtor entity, owns 100% of the equity interests in Western Global Airlines, Inc.

2. Western Global Airlines, Inc. owns 100% of the membership interests in Keldann Air LLC and Jimsunn Air LLC.

3. Keldann Air LLC owns 100% of the membership interests in:

   a. B26344 LLC
   b. B26356 LLC
   c. M48412 LLC
   d. M48435 LLC
   e. M48542 LLC
   f. M48543 LLC
   g. M48544 LLC

4.      Jimsunn Air LLC owns 100% of the membership interests in:

a.   M48411 LLC
b.   M48415 LLC
c.   M48512 LLC
d.   M48513 LLC
e.   M48545 LLC
f.   M48546 LLC
g.   M48581 LLC
h.   Mobility Air, LLC
i.   NCF680C2 LLC

## **Exhibit A**

**Organizational Chart**





James K. Neff Revocable Trust dated November 15, 2012
Carmit P. Neff Revocable Trust dated November 15, 2012
Kelly S. Neff Trust dated January 1, 2010
James K. Neff and Carmit P. Neff, as joint tenants with rights of survivorship
Danielle J. Neff Trust dated January 1, 2010
Miguel Paredes, not in his individual capacity, but solely in his capacity as trustee of the Western Global Airlines, Inc. Stock Ownership Trust
WGA Trust dated August 16, 2013
19.1%
18.3%
9.4%
.002%
9.4%
37.5%
6.2%
WESTERN GLOBAL AIRLINES HOLDINGS, INC. (Delaware)
100%
WESTERN GLOBAL AIRLINES, INC. (Delaware)
100%
100%
KELDANN AIR LLC (Delaware)
JIMSUNN AIR LLC (Delaware)
100%
100%
B26356 LLC (Delaware)
B26344 LLC (Delaware)
M48412 LLC (Delaware)
M48435 LLC (Delaware)
M48542 LLC (Delaware)
M48543 LLC (Delaware)
M48544 LLC (Delaware)
M48411 LLC (Delaware)
MOBILITY AIR, LLC (Florida)
M48415 LLC (Delaware)
M48513 LLC (Delaware)
M48581 LLC (Delaware)
M48512 LLC (Delaware)
M48546 LLC (Delaware)
M48545 LLC (Delaware)
NCF680C2 LLC (Delaware)
Legend
Revolving Loan Facility Borrower
Revolving Loan Facility Guarantor
First Lien Term Loan Borrower
First Lien Term Loan Guarantor
Senior Unsecured Notes Issuer
Senior Unsecured Notes Guarantor
Subordinated Unsecured Promissory Notes Issuer
Debtor
Non-Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------ x
                                                             :
In re                                                        :        Chapter 11
                                                             :
WESTERN GLOBAL AIRLINES, INC.,                               :        Case No. 23– _____ (     )
                                                             :
                                   Debtor.                   :
                                                             :
------------------------------------------------------------ x
```

## LIST OF EQUITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the

following identifies the equity security holders of the above-captioned debtor in possession

(the "**Debtor**").

Check applicable box:

☐    There are no equity security holders or corporations that directly or indirectly own 10%
     or more of any class of the Debtor's equity interest.

☒    The following are the Debtor's equity security holders (list holders of each class, showing
     the number and kind of interests registered in the name of each holder, and the last
     known address or place of business of each holder):

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| Western Global Airlines Holdings, Inc.<br>9260 Estero Park Commons Blvd., Suite 200<br>Estero, Florida 33928 | Common Stock | 100% |

---

[1]    This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy
       Procedure.  All equity positions listed are as of the date of commencement of the Debtor's chapter 11 case.

**Fill in this information to identify the case:**

Debtor name: <u>Western Global Airlines, Inc.</u>

United States Bankruptcy Court for the <u>District of Delaware</u>
<div align="right">(State)</div>

Case number (*If known*):   23-____ ( )

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ Schedule H: Codebtors (Official Form 206H)

☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule ____

☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒ Other document that requires a declaration <u>Consolidated Corporate Ownership Statement and List of Equity Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>August 7, 2023</u>
<div>MM /DD /YYYY</div>

X <u>/s/ James K. Neff</u>
Signature of individual signing on behalf of debtor

<u>James K. Neff</u>
Printed name

<u>Chief Executive Officer</u>
Position or relationship to debtor